FILED
2025 Aug-15 PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| WAVELINK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:25-cv-01320-CLM |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, PETE HEGSETH, in his official Capacity as the Secretary of the Department of Defense; U.S. ARMY, DANIEL DRISCOLL, in his official Capacity as the Secretary of the Army; and ADVANCED TECHNOLOGY INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Wavelink, Inc. ("WaveLink"), brings this Verified Complaint for Review of Agency Action Under the Administrative Procedure Act against the United States Department of Defense ("DoD"); Pete Hegseth, Secretary of Defense; the U.S. Army ("Army"); and Daniel Driscoll, the Secretary of the Army. WaveLink also brings an action for declaratory judgment that the Army's procurement agent, defendant Advanced Technology International ("ATI"), did not have a contractual right to terminate the Project Agreement for convenience.

## PARTIES

1. WaveLink is an Alabama corporation headquartered in Huntsville, Madison County, Alabama. WaveLink conducts all strategic and contracting functions from its headquarters. Huntsville is therefore the primary location of the harm suffered as a consequence of the Army's action and omission through its procurement agent, ATI.

2. DOD is an executive department of the United States.

3. Pete Hegseth is the Secretary of Defense.

4. The Army is an executive department of the United States

5. Daniel Driscoll is the Secretary of the Army.

6. ATI is a nonprofit corporation organized under the laws of the State of South Carolina with its principal place of business in South Carolina. It serves as a consortium as the result of being awarded an OTA by the United States as authorized by 10 U.S.C. § 4021. As the purchasing agent for the Army, ATI awarded a project agreement to WaveLink on or about September 26, 2024 to WaveLink. (**Exhibit A**).

7. Defendants identified in paragraphs 2–5 above are refer to collectively as "Agency."

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as to Agency because the action arises under the laws of the United States including the Administrative Procedure Act. This Court has subject matter jurisdiction over the request for declaratory judgment as to whether ATI had a contractual right to terminate the project agreement for convenience pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the WaveLink and ATI.

9. The relief requested is authorized by 5 U.S.C. § 702 (Administrative Procedure Act), 28 U.S.C. § 1651 (All Writs Act), U.S.C. § 2201 (Declaratory Judgment Act), 28 U.S.C. § 2202 (further relief), and the United States Constitution.

10. Venue lies in this District under 28 U.S.C. § 1391(e)(1)(B). Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## NATURE OF THE ACTION

11. Count I is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, challenging the decision of the Army Agreements Officer to terminate a project agreement awarded pursuant to the Army's other transaction authority. The award was made by Army's procurement agent, ATI. The challenge is that the decision to terminate the project agreement was arbitrary, capricious, an abuse

of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A). Count II seeks declaratory judgment against ATI (who entered into the Project Agreement with WaveLink) that the attempted termination for convenience exceeded ATI's right under the contract clause to terminate for convenience.

## FACTS

12. On or about September 26, 2024, ATI awarded a Project Agreement to WaveLink [redacted]

13. [redacted]

14. The estimated cost and fee was [redacted]. The Project Agreement was incrementally funded with the first increment being [redacted].

15. The Base Agreement provides ATI the right to terminate as follows:

> [redacted]

[redacted].

(**Exhibit B** at II(B)).

16. During performance, disagreements arose concerning WaveLink's ability to obtain certain information and system access necessary to advance the project. These included ongoing challenges related to government-furnished information and data sources, which WaveLink raised in the ordinary course of project meetings and reports. Despite these communications, the issues persisted for an extended period.

17. On February 24, 2025, WaveLink sent a Notice of Dispute to ATI stating in part:

a. [redacted]

b. [redacted]

18. On March 31, 2025, the Army Agreements Officer stated the Government considers the issues raised in WaveLink's February 24, 2025, letter "to be resolved." The letter concluded: [redacted]

[redacted] The adjusted project schedule showed that the System Requirements Review technical data submittal would occur on 18 August 2025.

19. WaveLink asserted at the monthly project meeting briefings in April, May, and June, which were attended by the Army Agreements Officer and Contract Specialist, that the Dispute was only partially resolved.

20. On June 3, 2025, over eight months after award, two documents [redacted] were provided.

21. After numerous requests, on June 18, 2025, WaveLink was finally able to have its first meeting with RTS ISSM (cyber lead) to discuss project cybersecurity requirements.

22. On July 1, 2025, WaveLink received a Stop Work Order from ATI stating:

[redacted]

23. WaveLink promptly began abiding with the order.

24. On July 3, 2025, ATO approved the use of a classified laptop to help make available long overdue eMASS artifacts.

25. On July 9, 2025 WaveLink submitted a letter restating that the dispute had not been fully resolved.

26. On July 22, 2025, ATI informed WaveLink that the Project Agreement had been terminated for convenience:

[redacted]

(**Exhibit C**).

27. On July 29, 2025, WaveLink submitted to ATI a request for reconsideration. (**Exhibit D**). The request consisted of two parts. The first part provided a detailed explanation of why the [redacted] will produce beneficial results commensurate with the expenditure of resources.

28. The second part of the request for reconsideration explained why a termination was not in the Government's best interest. The second part consisted of the following two assertions:

A. The Purported Reason for the Termination [redacted] Does Not Constitute a Rational Basis for a Termination for Convenience.

B. The Termination For Convenience Is Inappropriate Because it is Being Used by the Army to Dishonor, With Impunity, Its Contractual Obligations.

(Ex. D).

29. In light of the devastating blow to WaveLink, a small business, from the termination for convenience, WaveLink has tried to work through an Army Ombudsman. The progress has not proceeded as promptly as necessary to prevent WaveLink from suffering irreparable harm.

**COUNT I**
**PETITION FOR APA JUDICIAL REVIEW**
**(Department of Defense, Hegseth, Army, and Driscoll)**

30. WaveLink adopts and incorporates by reference the averments of the proceeding paragraphs, as if fully set forth herein.

31. [redacted]

32. The Project Agreement was awarded for the period September 26, 2024, to October 9, 2029, subject to applicable laws, regulations, and the terms and conditions of the Project Agreement. The estimated cost and fee for the project is [redacted]

33. Plaintiff complied in good faith with all material requirements of the grant, including financial reporting, project benchmarks, and communications with agency officials.

34. On July 22, 2025, ATI issued a notice terminating the contract for convenience without providing any explanation for the termination.

35. The termination was issued without affording WaveLink meaningful notice or an opportunity to be heard.

36. WaveLink submitted a timely request for reconsideration. The request provided analysis why the termination lacked a reasonable basis and was beyond ATI's contractual right to terminate for convenience.

37. Defendants have not meaningfully responded to WaveLink's request for reconsideration.

38. Agency's decision failed to consider relevant factors, relied on erroneous findings, and deviated from prior practices and procedures without explanation.

39. Specifically, an unexplained, undocumented reversal of an agency's stated course of action is indicative of arbitrary and capricious conduct. *See Caddell Constr. Co., Inc. v. United States*, 111 Fed. Cl. 49, 89 (2013) ("The record reflects no additional evaluation and the court is left with an unexplained, undocumented reversal, not buttressed by any justification."). [redacted] Moreover, although the project was at risk of a schedule slipping because of the failure of the Army to provide necessary assistance, the problem could easily be remedied if the Army were to commence meeting its contractual commitments.

40. Agency's termination of the Project Agreement was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A).

41. WaveLink has suffered and will continue to suffer irreparable harm unless the Agency's unlawful decision is set aside.

**COUNT II**
**Declaratory Relief that ATI's Attempt to Terminate the Project Agreement for Convenience Exceeds ATI's Contractual Right to Do So**
**(ATI)**

42. WaveLink adopts and incorporates by reference the averments of the proceeding paragraphs, as if fully set forth herein.

43. On or about September 26, 2024, ATI awarded a Project Agreement to WaveLink [redacted]

44. The Base Agreement contains the following provision concerning termination:

[redacted]

45. On July 22, 2025, ATI informed WaveLink that the Project Agreement had been terminated for convenience.

46. On July 29, 2025, WaveLink submitted to ATI a request for reconsideration. The request consisted of two parts. The first part provided a detailed explanation of why [redacted] will produce beneficial results commensurate with the expenditure of resources.

47. The second part of the request for reconsideration explained why a termination was not in the Government's best interest. The second part consisted of the following two assertions:

a. The Purported Reason for the Termination [redacted] Does Not Constitute a Rational Basis for a Termination for Convenience.

b. The Termination For Convenience Is Inappropriate Because it is Being Used by the Army to Dishonor, With Impunity, Its Contractual Obligations.

48. Plaintiff has incurred and continues to incur damages as a direct result of the wrongful termination, including having to release skilled employees who cannot be easily replaced, lost profits, and increased overhead.

49. An actual, justiciable controversy exists between the parties concerning the interpretation of the termination clause and whether the ATI was authorized to terminate the Project Agreement under the circumstances described.

50. ATI purported termination of the Project Agreement "for convenience" exceeds its contractual right to terminate the contract for convenience.

51. WaveLink is entitled to a declaration that ATI's termination is a breach of contract and legally ineffective.

**ACCORDINGLY**, WaveLink respectfully requests that this Court:

A. Declare that Agency's decision to terminate the Project Agreement violated the Administrative Procedure Act;

B. Vacate and set aside the Agency's decision to terminate the Project Agreement;

C. Order Agency to reinstate the Project Agreement and to permit its continued performance in accordance with the original terms;

D. Declare that ATI's purported termination is not authorized under the contract terms;

E. Award WaveLink its reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Grant such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted.

*s/Allen L. Anderson*
Allen L. Anderson (ASB-5940-r75a)
Patrick E. Sebesta II (ASB-6130-n63c)
Jerome S. Gabig (ASB-5503-m75g)

**OF COUNSEL:**

Allen L. Anderson
Patrick E. Sebesta II
**F&B LAW FIRM, P.C.**
213 Greene Street NE
Huntsville, Alabama 35801
Telephone: (256) 536-0095
E-mail: court@fb-pc.com

Jerome S. Gabig
**GOVERNMENT PROCUREMENT LAWYER, LLC**
931 Reserve Drive
Guntersville, Alabama 35976
Telephone: (256) 509-0279
E-mail:jerry.gabig@ governmentprocurementlawyer.com

***Attorneys for plaintiff WaveLink, LLC***

# VERIFICATION

______________________________
Paul Gibbs
Vice President

**STATE OF ALABAMA** )
**COUNTY OF MADISON** )

**BEFORE ME**, a Notary Public in and for Madison County, Alabama, personally appeared Paul Gibbs, whose name as Vice President of WaveLink, Inc., is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of the foregoing Complaint, and states the contents are true and correct to the best of his knowledge and belief.

**SWORN TO AND SUBSCRIBED** before me on this the 13th day of August, 2025.

______________________________
NOTARY PUBLIC
Comm. Exp. 02-24-26

MARY K. GRASS
NOTARY PUBLIC
ALABAMA STATE AT LARGE

**<u>DEFENDANTS TO BE SERVED AT THE FOLLOWING ADDRESSES:</u>**

**U. S. DEPARTMENT OF DEFENSE**
c/o General Counsel, Department of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Pete Hegseth
Secretary of Defense
c/o General Counsel, Department of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

**U.S. ARMY**
c/o Chief, Litigation Division, Office of the Judge Advocate General
101 Army Pentagon
Washington, DC 20310-0101

Daniel Driscoll
Secretary of the Army
c/o Chief, Litigation Division, Office of the Judge Advocate General
101 Army Pentagon
Washington, DC 20310-0101

**ADVANCE TECHNOLOGY INTERNATIONAL**
c/o Christopher R. Van Metre, President/CEO
315 Sigma Drive
Summerville, South Carolina 29486,

**<u>Service Via Certified Mail</u>**