FILED
2025 Aug-18 PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

**WAVELINK, INC.,**
Plaintiff,

**v.**

**UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,**
Defendants.

**Case No. 5:25-cv-1320-CLM**

**ORDER**

Wavelink sues the Government and its procurement agent (ATI) over the termination of a federal defense contract. Wavelink also seeks an injunction and restraining order that would reinstate the contract pending trial. For the reasons explained below:

1. The court **DENIES** Wavelink's request for a TRO under Rule 65(b); and,
2. The court **ORDERS** Wavelink to show cause why the court should not dismiss this case for lack of jurisdiction under the Tucker Act, 28 U.S.C. § 1491, Eleventh Circuit precedent, and the express terms of Wavelink's government contract.

Wavelink has until **August 26, 2025**, to respond to the court's show cause order. Should they appear, Defendants may respond to Wavelink's response by **September 5, 2025.**

**BACKGROUND**

The court shortens its recitation of facts because of confidentiality concerns and the limited nature of its ruling.

1. *The Agreement:* Defendant ATI is a procurement agent for the U.S. Army. Plaintiff Wavelink, Inc., provides defense-related engineering and technical services to the Army and other federal agencies.

In September 2024, Wavelink and ATI signed an agreement to provide services related to [redacted]. Article II(C) of the Agreement provides that ATI, "as directed by the Agreements Officer," could give

Wavelink a 90-day stop work order. The same article then says that ATI must either cancel the stop-work order or terminate the work within the 90 days.

Article II(B) says "the Government may terminate performance of work [under the agreement] . . . if the AO determines that a termination is in the Government's interest." Article II(B) then says that ATI "at the direction of the Agreements Officer may terminate this Agreement or any Project Agreement or part of a Project Agreement under this Agreement." The Article requires ATI to terminate the agreement by sending Wavelink "a Notice of Termination specifying the extent of termination and the effective date."

Article VII covers all disputes under the Agreement. It outlines the parties' responsibilities to seek resolution first. If a resolution cannot be had, the Article says that "either Party may pursue any right or remedy provided by a court of competent jurisdiction as authorized by 28 U.S.C. § 1491" or "the Parties may agree to explore and establish an Alternate Dispute Resolution procedure to resolve the dispute."

2. *The termination*: Once Wavelink started work, [redacted]. So Wavelink sent a notice of dispute to ATI in February 2025. A month later, the Army Agreements Officer (AAO) said that the Government believed it had "resolved" Wavelink's concern. But Wavelink told ATI and the Government that some issues persisted.

On July 1, 2025, ATI sent Wavelink a stop work order. Eight days later, Wavelink sent a letter again saying that its issue [redacted] had not been resolved.

The AAO later told ATI that the Government decided that it was in the "Government's best interest to wholly terminate for convenience this Agreement." So on July 22, 2025, the AAO "instructed ATI to terminate and close-out the subject effort." Citing Article II(B) of the Agreement, ATI sent Wavelink a written notice terminating the Agreement effective that day.

3. *The lawsuit*: Wavelink asked ATI to reconsider and explained why terminating the Agreement was inappropriate and against the Government's interest. Wavelink also secured an Army Ombudsman to help its effort to reinstitute the Agreement. But Wavelink's efforts have not "proceeded as promptly as necessary to prevent Wavelink from suffering irreparable harm."

So Wavelink sued ATI, the Department of Defense and Army, and their Secretaries in charge. Wavelink pleads two counts. Count I asks this court to use the Administrative Procedure Act, 5 U.S.C. § 706, to declare that the Government's decision to terminate the Agreement was arbitrary, capricious, and an abuse of discretion. Count II asks the court to declare that ATI breached the Agreement by terminating it "for convenience," a decision Wavelink deems beyond ATI's contractual authority.

Wavelink also filed a Rule 65 motion for a temporary restraining order and preliminary injunction that would reinstate the Agreement pending resolution of Wavelink's lawsuit. The court resolves only the TRO request in this order.

## ANALYSIS

Wavelink must make four showings to be entitled to a TRO under Rule 65(b):

1. Wavelink is substantially likely to win on the merits;
2. Wavelink will suffer irreparable injury if the court fails to issue the TRO;
3. Wavelink's injury outweighs the harm suffered by Defendants if the court issues the TRO; and,
4. Entering the TRO would serve the public interest.

*See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). As for the first requirement, Wavelink cannot show that it's likely to win on the merits if it first fails to invoke the court's subject matter jurisdiction. As pleaded, Wavelink's two-count complaint does not appear to invoke the court's jurisdiction.

**Count 1:** In its first count, Wavelink asks this court to declare that the Government's decision to terminate the Agreement violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). But the Tucker Act says that the Court of Federal Claims, not district courts, "shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Consistent with Congress' mandate, Article VII of the Agreement says that "either Party may pursue any right or remedy provided by a court of competent jurisdiction as authorized by 28 U.S.C. § 1491"—*i.e.*, the Tucker Act.

In short, it seems Wavelink pleaded Count 1 under the APA, rather than the Tucker Act, to appear in this court rather than the Court of Federal Claims. But the Eleventh Circuit has held that contractors cannot artfully plead around the Tucker Act to challenge the termination of a government contract in district court because district courts lack subject matter jurisdiction to hear such claims. *See Mark Dunning Indus., Inc. v. Cheney*, 934 F.2d 266 (11th Cir. 1991) (district court lacked jurisdiction to hear challenge pleaded under Armed Services Procurement Act rather than the Tucker Act); *Friedman v. United States*, 391 F.3d 1313 (11th Cir. 2004) (district court lacked jurisdiction to hear challenge stemming from a government contract that was pleaded under tort law rather than the Tucker Act).

Based on this precedent, the Tucker Act, and the Agreement's terms, the court finds that it almost certainly lacks subject matter jurisdiction to hear Count 1. So the court finds that Wavelink has not shown it is substantially likely to prevail on the merits of Count 1.

**Count 2:** In its second count, Wavelink asks the court to declare that "ATI['s] purported termination of the Project Agreement 'for convenience' exceeds its contractual right to terminate the contract for convenience" (doc. 3, ¶ 50) and thus declare "that ATI's termination is a breach of contract and legally ineffective" (*id.*, ¶ 51). But, if proved true, Wavelink's pleaded facts and accompanying exhibits show that ATI did not make the decision to terminate; the Government did.

Article II(B) of the Agreement says that "the Government," not ATI, can terminate the Agreement "if the AO determines that a termination is in the Government's interest." The next sentence allows ATI to terminate the Agreement "at the direction of the Agreements Officer." Consistent with these terms, ATI's termination letter says (a) the AO told ATI that the Government "determined [it] to be in the Government's best interest to wholly terminate for convenience this Agreement" and thus (b) the AO "instructed ATI to terminate and close-out the subject effort."

In short, Wavelink's pleaded facts and exhibits would prove that ATI *performed* its contractual duties: ATI followed the AO's directive to terminate the contract once the Government decided that termination was in its interest.

Wavelink therefore fails to show a substantial likelihood that it could successfully prove that ATI breached the Agreement under Count 2.

In fact, the court questions whether Wavelink has standing to sue ATI, which is a prerequisite to the court having jurisdiction to decide Count 2 on the merits. As pleaded, ATI did not make the decision to terminate the Agreement; the Government did. If ATI did not decide to terminate the contract, then ATI's injury (*i.e.*, lost revenue) cannot be fairly traced to ATI's act of sending the termination letter at the AO's request. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court") (cleaned up).

## CONCLUSION

Wavelink's complaint and exhibits suggest that Wavelink has standing to sue the Government Defendants, not ATI. And the Tucker Act, Eleventh Circuit precedent, and the terms of the Agreement all suggest that Wavelink has to sue the Government Defendants in the Court of Federal Claims, not in this district court. The court thus **DENIES** Wavelink's motion for a TRO (doc. 4) and **ORDERS** Wavelink to show cause why the court should not dismiss this case for lack of jurisdiction.

Wavelink must respond to this show cause order by **August 26, 2025**. Should they appear, Defendants may respond to Wavelink's response by **September 5, 2025.** The court will not rule on the merits of any other motion (except perhaps motions to file under seal) before determining whether it has jurisdiction to hear this case.

**Done** and **Ordered** on August 18, 2025.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE