FILED
2025 Sep-17 AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| WAVELINK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, PETE HEGSETH, in his official Capacity as the Secretary of the Department of Defense; U.S. ARMY, DANIEL DRISCOLL, in his official Capacity as the Secretary of the Army; and ADVANCED TECHNOLOGY INTERNATIONAL,<br><br>Defendants. | ) | Case No.: 5:25-cv-01320-CLM |

**ADVANCED TECHNOLOGY INTERNATIONAL'S**
**MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

Defendant Advanced Technology International ("ATI"), by and through the undersigned counsel, respectfully moves to dismiss Plaintiff WaveLink, Inc.'s ("WaveLink's") Verified Complaint for Declaratory and Injunctive Relief ("Complaint") (Doc. 3) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

WaveLink filed a poorly disguised breach of contract claim against the Government and ATI to circumvent the dispute resolution procedures and remedies

outlined in the Base Agreement.[1] Despite requesting various forms of injunctive and declaratory relief in the Complaint, WaveLink's demand is just a request for specific performance.

As this Court correctly identified, WaveLink lacks Article III standing, which, in and of itself, provides a sufficient reason to dismiss the Complaint. Even assuming WaveLink has Article III standing, this Court still lacks subject matter jurisdiction over WaveLink's claim against ATI because there is no complete diversity among the parties. Accordingly, there is no diversity jurisdiction under 28 U.S.C. § 1332. Nor can the Declaratory Judgment Act give this Court federal question jurisdiction under 28 U.S.C. § 1331. And even if WaveLink's claims survive these threshold jurisdictional questions, this Court should still dismiss the Complaint because WaveLink has not yet exhausted the administrative remedies it contractually agreed to.

## II. ARGUMENT

### A. The Court lacks subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). "Because federal courts are courts of limited jurisdiction, '[i]t is … presumed that a cause lies outside this

[1] As explained in ATI's Response to WaveLink's Response to Show Cause Order (Doc. 19), ATI was authorized under an OT to execute the Base Agreement (Compl., Ex. B) with WaveLink, and administer the Project Agreement (Compl., Ex. A).

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]'" *Baker v. Napolitano*, No. CA 09-0036-CG-C, 2009 WL 1658953, at *9 (S.D. Ala. June 11, 2009) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "If a court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

*1. WaveLink does not have Article III standing.*

As a preliminary matter, the Court lacks subject matter jurisdiction because WaveLink does not have Article III standing to sue the Government or ATI as outlined in this Court's August 18, 2025, Order (Doc. 9) and ATI's Response to WaveLink's Response to Show Cause Order (Doc. 19). ATI incorporates and adopts the arguments set forth in its Response as if fully set forth herein.

*2. The Court lacks diversity jurisdiction because there is no complete diversity among the parties.*

This Court also lacks subject matter jurisdiction because there is no diversity jurisdiction. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000."). "In light of the federalism and

separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction . . . [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1244, 1268 (11th Cir. 2000) (citations omitted); *see also Osting-Schwinn,* 613 F.3d at 1086 (similar).

WaveLink alleges jurisdiction is proper because "there is complete diversity of citizenship between the [sic] WaveLink and ATI." (Compl. ¶ 8). But ATI is not the only defendant in this action, and "[f]or federal diversity jurisdiction to attach, *all* parties must be completely diverse, meaning *no plaintiff can be a citizen of the same state as any defendant*." *See Reed v. BBVA-PNC Bank*, No. 4:23-cv-00431-LCB-JHE, 2024 WL 3742247, at *2 (N.D. Ala. Aug. 9, 2024) (emphasis added).

WaveLink also named the Government as a defendant in their lawsuit; however, "[t]he federal government is not a citizen of any state." *Lett v. Dept. of Treasury*, No. 2:22-CV-113-ECM-KFP, 2022 WL 18396430, at *2 (M.D. Ala. Oct. 13, 2022). "Thus, diversity jurisdiction does not apply." *Id.* (citing *Molton, Allen & Williams, Inc. v. Harris,* 436 F. Supp. 853, 855 (D.D.C. 1977)).

> The historic rule is that agencies and instrumentalities of the Federal Government are citizens of no state for diversity purposes and that, therefore, because *all* parties on each side of a controversy must be citizens of different states for diversity jurisdiction to lie, *diversity jurisdiction never lies in an action against the Federal Government or its officials in their official capacities*.

*Harris,* 436 F. Supp. at 855 (citing *State of Texas v. Interstate Com. Comm'n*, 258

U.S. 158 (1922)) (emphasis added); *see also Baker v. Napolitano*, No. CA 09-0036-CG-C, 2009 WL 16568953, at *9 (S.D. Ala. Jun. 11, 2009) ("However, an agency of the United States, such as the Department of Homeland Security, is not a citizen of a state or of a foreign state for purposes of diversity jurisdiction and, therefore, cannot be sued in diversity alone."); *General Railway Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991) ("U.S. agencies cannot be sued in diversity[.]"); *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 582 (M.D. La. 2003) ("If a party is not a citizen of a state at all, then it is not a citizen of a different state and it would be inappropriate to allow that party to bring a case or be subject to federal jurisdiction based only on diversity of citizenship."); *Tomback v. UnumProvident Corp.*, No. 05-3157 CW, 2005 WL 2596449, at *3 (finding no diversity jurisdiction due to inclusion of the California Commissioner of Insurance in a suit against diverse insurers).

Because the Government is not a citizen of any state, complete diversity does not—and cannot—exist among the parties in this lawsuit. There is no diversity jurisdiction under 28 U.S.C. § 1332(a).

*3. The Declaratory Judgment Act does not create federal question jurisdiction.*

WaveLink's claim against ATI is brought under the Declaratory Judgment Act; however, the Declaratory Judgment Act does not confer federal question jurisdiction on this Court.

"Federal question jurisdiction exists if the plaintiff's claims arise 'under the Constitution, laws, or treaties of the United States.'" *Wilkerson v. Kilgore*, no. 1:21-cv-00657-CLM, 2021 WL 2779456, at *1 (N.D. Ala. Jul. 2, 2021) (quoting 28 U.S.C. § 1331). But "federal courts have repeatedly held that the Declaratory Judgment Act does not provide an independent basis for federal subject matter jurisdiction." *Cullman Electric Cooperative v. City of Cullman, Ala*., 576 F. Supp. 3d 942, 947 (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950); *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)). A party seeking declaratory relief "must still assert 'an underlying ground for federal court jurisdiction.'" *Patel v. Hamilton Medical Center, Inc.*, 967 F.3d 1190, 1194 (11th Cir. 2020) (quoting *Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003)); *see also Sellers v. Nationwide Mutual Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (observing that, because the Act "does not, of itself, confer jurisdiction upon the federal courts, a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question").

WaveLink does not assert a cause of action against ATI arising under "the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. WaveLink's claim against ATI is instead an ill-disguised breach of contract claim seeking declaratory relief pursuant to the Declaratory Judgment Act. The Declaratory

Judgment Act does not, in and of itself, create federal question jurisdiction, and this Court does not have federal question jurisdiction over WaveLink's claim against ATI.

### B. WaveLink fails to state a claim upon which relief can be granted because it failed to exhaust the administrative remedies in the Base Agreement.

Even assuming, *arguendo*, this Court has diversity or federal question jurisdiction of WaveLink's claim against ATI (it does not), and WaveLink has Article III standing (it does not), WaveLink's claim should still be dismissed for failing to exhaust the administrative remedies in the Base Agreement.[2]

As a preliminary matter, the Base Agreement contains a choice of law provision requiring the "validity, construction, scope and performance of this Agreement [to] be governed by the law of the state of South Carolina, excluding its choice of law rules." (Compl. Ex. B, at p. 2). "Alabama law recognizes and generally enforces choice-of-law provisions in a contract." *Ascent Hosp. Mgmt. Co., LLC v. Emps. Ins. Co. of Wausau*, No. 2:20-CV-770-GMB, 2021 WL 256634, at *2 (N.D. Ala. Jan. 26, 2021), aff'd, No. 21-11924, 2022 WL 130722 (11th Cir. Jan. 14, 2022) (citing *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991)).

---

[2] "[T]he district court may always consider exhibits attached to the complaint on a 12(b)(6) motion, because exhibits are part of the pleadings." *Basson v. Mortgage Electronic Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) (citing Fed. R. Civ. P. 10(c); *Thaeter v. Palm Beach Cty. Sherriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006)).

Regardless of which state's law applies here, compliance with contractual dispute resolution procedures is routinely found to be a condition precedent to litigation. *See N-Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C, 2010 WL 653760, *5-6 (S.D. Ala. Feb. 18, 2010) (finding that the plaintiff failed to follow the mandatory dispute resolution provisions prior to filing suit); *Seal & Co. v. A.S. McGaughan Co.*, 907 F.2d 450, 454 (4th Cir. 1990) (finding the same and noting "[t]he general rule is that parties are free to contract for dispute resolution procedures which, in effect, turn breach of contract claims into claims for relief under the contract."); *see also Maine Yankee Atomic Power Co. v. U.S.*, 225 F.3d 1336, 1340-41 (Fed. Cir. 2000) (noting that a contractor must exhaust administrative remedies prior to seeking relief in the courts where, even if the Contract Disputes Act does not apply, the federal contract contains a disputes clause).

Here, the Base Agreement sets forth "Dispute Resolution Procedures" whereby "[a]ny disagreement, claim or dispute between the Parties concerning questions of fact or law arising from or in connection with this Agreement, and whether or not involving an alleged breach of this Agreement, may be raised only under this Article." (Compl. Ex. B, Art. VII(B)).

On July 22, 2025, ATI informed WaveLink of the termination of the Project Agreement, and on July 29, 2025, WaveLink submitted to ATI a request for reconsideration. (Compl. ¶¶ 26-27). The Dispute Resolution Procedures provision

allows the Army Agreements Officer to render a decision within sixty (60) days after receipt of a request like the one WaveLink submitted. (Compl., Ex. B, Art. VII(B)). A decision by the Army Agreements Officer is "final and binding" unless a party "requests further review by an [Army] Executive Committee representative and the [Army] Division Chief." (*Id*). It is only after a second review and decision by the [Army] Executive Committee representative and the [Army] Division Chief (or an agreement by the [Army] Executive Committee representative and the [Army] Division Chief not to resolve a dispute) that a party can "pursue any right or remedy provided by law in a court of competent jurisdiction as authorized by 28 U.S.C. § 1491." (*Id*).

WaveLink was required to exhaust the stated review process prior to pursuing litigation as a condition precedent. Yet, WaveLink waited just seventeen (17) days following the submission of their request for reconsideration before determining the "process had not proceeded as promptly as necessary" (Compl. ¶ 29) and initiating this lawsuit on August 13, 2025 (Doc. 1). WaveLink does not—and cannot—allege that it submitted a request for second level review and received an unfavorable decision from that review prior to filing this lawsuit. As such, WaveLink failed to comply with the procedures in the Base Agreement, and the Complaint should be dismissed.

## III. CONCLUSION

This Court lacks subject matter jurisdiction because it lacks diversity and federal question jurisdiction over WaveLink's claim against ATI. This Court further lacks subject matter jurisdiction because ATI does not have Article III standing. Even assuming there is subject matter jurisdiction, WaveLink fails to plausibly allege a claim upon which relief can be granted because WaveLink failed to allege that it exhausted the procedures for remedies in the Base Agreement. As such, WaveLink's Complaint should be dismissed.

Respectfully submitted this 17th day of September 2025.

*/s/Starr T. Drum*
Starr T. Drum
Xeris E. Gregory
POLSINELLI PC
2000 Southbridge Parkway, Suite 301
Birmingham, Alabama 35209
Tel.: (205) 963-7136
sdrum@polsinelli.com
xgregory@polsinelli.com

## CERTIFICATE OF SERVICE

I certify that on September 17th, 2025, I e-filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

*/s/ Starr T. Drum*____________________
Starr T. Drum