FILED
2026 Jan-09  PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**WAVELINK, INC.,**

      **Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF DEFENSE,** *et al.*,

      **Defendants.**

**Case No. 5:25-cv-1320-HDM**

## MEMORANDUM OPINION

Before the court are two Motions to Dismiss: one filed by Advanced Technology International, (doc. 26), and one filed by the United States Department of Defense, Secretary of Defense Pete Hegseth, the United States Army, and Secretary of the Army Daniel Driscoll (the "Government Defendants"), (doc. 32). Plaintiff WaveLink, Inc. has opposed both motions, (doc. 29; doc. 33), and Defendants have replied in turn, (doc. 31; doc. 35). Having considered the briefing, the record, and applicable law, the court will **GRANT** both Motions to Dismiss for the reasons specified below.

### I. Background

Plaintiff WaveLink, Inc. ("WaveLink") is an engineering contractor, (doc. 3, ¶ 1), and Defendant Advanced Technology International ("ATI") is an authorized

purchasing agent of the United States Army, *id.*, ¶ 6. On September 26, 2024, ATI, acting on behalf of the Army, awarded a project to WaveLink, *id.*, which the parties memorialized in a Project Agreement (the "Agreement"), *id.*, ¶ 12. As relevant to this opinion, the Agreement defined the conditions on which it could be terminated by ATI, *id.*, ¶ 15, and established a dispute resolution process to govern any disagreements between the parties, (doc. 26 at 8–9). This dispute resolution process included the provision that a party could "pursue any right or remedy provided by law in a court of competent jurisdiction as authorized by 28 U.S.C. § 1491," *id.* at 9, also known as the Tucker Act. As relevant here, the Tucker Act provides that the United States Court of Federal Claims shall have exclusive jurisdiction over any claim founded "upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1).

After WaveLink and ATI entered into the Agreement in September 2024, they encountered protracted disagreements that implicated WaveLink's ability to perform its obligations, (doc. 3, ¶¶ 16–25), and, on July 22, 2025, ATI terminated the Agreement, *id.*, ¶ 26. WaveLink submitted a formal request for reconsideration, *id.*, ¶ 27, but, on August 15, 2025, it commenced this action, (doc. 3). In Count One, WaveLink seeks judicial review of the Government Defendants' decision to terminate the Agreement under the Administrative Procedure Act, 5 U.S.C. §§ 701–

706, and, in Count Two, it seeks a declaration that ATI exceeded its contractual authorization to do so. *Id.*, ¶ 11.

## II. Legal Standard

The Government Defendants and ATI have each moved to dismiss WaveLink's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (doc. 26 at 1; doc. 32 at 1), which allows a court to dismiss an action for "lack of subject-matter jurisdiction," Fed. R. Civ. P. 12(b)(1).[1] Federal courts have limited subject-matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and can hear only those cases "entrusted to them by a jurisdictional grant authorized by Congress," *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304 (11th Cir. 2016) (citation omitted). Therefore, every federal court has an independent obligation to assure itself that it has subject-matter jurisdiction in each case and dismiss those where such jurisdiction is lacking. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted); Fed. R. Civ. P. 12(h)(3). A dismissal for lack of

---

[1] Defendants have also moved to dismiss pursuant to Rule 12(b)(6), (doc. 26 at 1; doc. 32 at 1), for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). When a defendant moves to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court should first address the jurisdictional question under the former and proceed to the merits under the latter only if it finds it has jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1997). Because this case is due to be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1), the court declines to reach the question of whether WaveLink has stated a claim on which relief can be granted under Rule 12(b)(6).

subject-matter jurisdiction is a dismissal without prejudice. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021) (citation omitted).

## III.    Analysis

The Government Defendants and ATI's Motions to Dismiss, (doc. 26; doc. 32), are due to be **GRANTED** pursuant to Rule 12(b)(1) because this court lacks subject-matter jurisdiction over WaveLink's Complaint. Count One is based on a contract with the United States and therefore, under the Tucker Act, can only be brought in the United States Court of Federal Claims, and WaveLink lacks standing to assert Count Two.

### A. Count One: The Government Defendants

This court lacks subject-matter jurisdiction over Count One of WaveLink's Complaint because it arises from a contract with the United States and is thus subject to the exclusive jurisdiction of the United States Court of Federal Claims. Although the United States and its agencies and officials are generally immune from suit on the basis of sovereign immunity, *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted), Congress has at times exercised its power to waive this right by clear legislation, *Smith v. United States*, 14 F.4th 1228, 1231 (11th Cir. 2021) (Congress can legislatively waive federal sovereign immunity). One such example of a clear waiver of sovereign immunity is the Tucker Act, which, as

4

relevant here, provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Courts universally defer to this clear language to hold that claims "founded on contracts with the United States must be brought in the Court of [Federal] Claims," *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004) (per curiam) (citations omitted), thus depriving district courts—such as this one—of subject-matter jurisdiction over such cases, *Reed v. United States*, 891 F.2d 878, 880 (11th Cir. 1990). To protect federal sovereign immunity, a "plaintiff cannot avoid the jurisdictional limitations of the Tucker Act . . . by artful pleading." *Friedman*, 391 F.3d at 1315 (citing *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982)). *See also id.* (the Tucker Act controls if a plaintiff's claims against the United States are "essentially contractual"). "If a claim is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, *the action must be under the Tucker Act*." *CSX Transp., Inc. v. United States*, No. CV413-208, 2014 WL 4928882, at *3 (S.D. Ga. Sept. 30, 2014) (quoting *Wood v. United States*, 961 F.2d 195, 198 (Fed. Cir. 1992)) (quotation marks omitted) (emphasis added). The "classification of a particular action as one which is or is not 'at its essence' a contract action depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of

5

relief sought (or appropriate)." *Begner v. United States*, 428 F.3d 998, 1002 (11th Cir. 2005) (quoting *Megapulse, Inc.*, 672 F.2d at 968). Simply put, the Tucker Act must control—and deprive this court of subject-matter jurisdiction—if a plaintiff asserts a claim against the United States "that cannot exist independently of a contract." *Golden v. Wis. Physician's Serv. Health Ins. Corp.*, No. CV-F-10-1933, 2010 WL 5289682, at *6 (E.D. Cal. Dec. 16, 2010) (citing *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 646–47 (9th Cir. 1998)).

A fair reading of Count One of WaveLink's Complaint shows that it is "founded on [a] contract[] with the United States [and] must be brought in the Court of [Federal] Claims," *Friedman*, 391 F.3d at 1315; 28 U.S.C. § 1491(a)(1), because it "cannot exist independently" of the Agreement, *Golden*, 2010 WL 5289682, at *6. WaveLink's factual allegations begin with all the parties entering into the Agreement, (doc. 3, ¶ 12), that specifically established fixed terms on which it could be terminated by ATI, *id.*, ¶ 15. WaveLink frames the dispute between the parties in terms of its ability to comply with the Agreement, *id.*, ¶ 16, and, during the dispute, spoke with the Army Agreements Officer and Contract Specialist, *id.*, ¶ 19. The defining event in the Complaint is ATI's July 2025 termination of the Agreement, *id.*, ¶¶ 11; 26, and one of WaveLink's bases for opposing the termination is that it amounted to the Army disregarding its contractual obligations, *id.*, ¶ 28. WaveLink describes the termination of the Agreement as the "devastating blow" that caused it

to "suffer[] irreparable harm." *Id.*, ¶ 29. WaveLink frames Count One entirely relative to the Agreement, *id.*, ¶ 32, and its full, good-faith compliance with the obligations it assumed thereunder, *id.*, ¶ 33. Again, the allegedly culpable conduct by the Government Defendants was "terminating the contract for convenience without providing any explanation for the termination," *id.*, ¶ 34, or a meaningful chance for WaveLink to be heard, *id.*, ¶ 35. To remedy these alleged wrongs, WaveLink requests that this court (1) declare that the Government Defendants wrongfully terminated the Agreement, (2) vacate and set the termination aside, and (3) order the reinstation of the Agreement, *id.* at 12, all of which underscores the contractual nature of Count One.

WaveLink's "artful pleading," *Friedman*, 391 F.3d at 1315, of Count One under the Administrative Procedure Act, (doc. 3, ¶¶ 30–41), cannot change the fact that Count One is "essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise," *CSX Transp., Inc.*, 2014 WL 4928882, at *3.[2] Both the "source of the rights upon which [WaveLink] bases its claims, and . . . the type of relief sought" are contractual. *Begner*, 428 F.3d at 1002. Indeed, the parties seem to have anticipated as much because the Agreement's dispute resolution provision limits litigation to "a court of

---

[2] This court has raised the question of subject-matter jurisdiction. (Doc. 9 at 4 (noting that WaveLink pleaded Count One "under the APA, rather than the Tucker Act, to appear in this court rather than the Court of Federal Claims")).

competent jurisdiction as authorized by 28 U.S.C. § 1491," (doc. 26 at 8), i.e., the Court of Federal Claims. Therefore, WaveLink's "action must be under the Tucker Act," *CSX Transp., Inc.*, 2014 WL 4928882, at *3, in the Court of Federal Claims, 28 U.S.C. § 1491(a)(1). Because this court lacks subject-matter jurisdiction, *Reed*, 891 F.2d at 880, the Government Defendants' Rule 12(b)(1) Motion to Dismiss, (doc. 32), is due to be **GRANTED** and **COUNT I DISMISSED WITHOUT PREJUDICE**.

   B. Count Two: ATI

After Count One is dismissed for the reasons set forth above, this court is only left to consider Count Two, in which WaveLink seeks a declaratory judgment that ATI's termination of the Agreement was "a breach of contract and legally ineffective." (Doc. 3, ¶ 51). Count Two is due to be dismissed for lack of subject-matter jurisdiction because WaveLink does not have standing to assert its claims against ATI.

Standing "is a doctrine that stems directly from Article III's case or controversy requirement, and thus it implicates . . . subject matter jurisdiction." *KH Outdoor, LLC v. Fulton Cnty.*, 587 Fed. App'x 608, 610 (11th Cir. 2014) (citation omitted). "Over the years, [Supreme Court] cases have established that the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing, a plaintiff must

(1) have suffered an injury in fact, (2) that is fairly traceable to the defendant, (3) and can likely be redressed by a favorable decision. *Id.*; *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020) (same). For the second prong, injury is "fairly traceable to the defendant if it results from the defendant's action and is not the result of an independent action of some third party." *Baughcum v. Jackson*, 92 F.4th 1024, 1032 (11th Cir. 2024) (citing *Lujan*, 504 U.S. at 560). Standing is an unwaivable jurisdictional prerequisite to a plaintiff's ability to maintain and prosecute a lawsuit. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005).

In this case, WaveLink lacks standing to assert Count Two because the harm that WaveLink allegedly suffered is not fairly traceable to ATI. *See Lujan*, 504 U.S. at 560. In its Opposition to ATI's Motion to Dismiss, WaveLink acknowledges that ATI "was merely implementing the directions of the Agreements Officer . . . the real decisionmaker." (Doc. 29 at 20; Doc. 31 at 2). Thus, by its own admission, the harm that WaveLink alleges was "the result of an independent action of [a] third party" and, therefore, not fairly traceable to ATI. *Baughcum*, 92 F.4th at 1032. WaveLink lacks standing to assert its claims against ATI, *Lujan*, 504 U.S. at 560, and this court lacks subject-matter jurisdiction over Count Two,[3] *Bochese*, 405 F.3d at 974. ATI's Motion to Dismiss pursuant to Rule 12(b)(1) is due to be **GRANTED**, and **COUNT**

---

[3] Additionally, the Declaratory Judgment Act is solely procedural and does not confer subject-matter jurisdiction on a federal court in and of itself. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014) (citation omitted).

II **DISMISSED WITHOUT PREJUDICE** for lack of Article III standing and subject-matter jurisdiction.

Finally, the court has considered whether transfer to the United States Court of Federal Claims would be "in the interest of justice." 28 U.S.C. § 1631. In its discretion, and considering the record and the disposition **without prejudice**, the court declines to transfer this case. Nothing in this opinion prevents WaveLink from promptly pursuing any available remedy in the Court of Federal Claims.

## IV.    Conclusion

For the foregoing reasons, it is hereby **ORDERED**:

1.    The Government Defendants' Motion to Dismiss, (doc. 32), is **GRANTED**. **Count I** is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2.    Advanced Technology International's Motion to Dismiss, (doc. 26), is **GRANTED**. **Count II** is **DISMISSED WITHOUT PREJUDICE** for lack of Article III standing and subject-matter jurisdiction.

3.    All other pending motions, (doc. 6; doc. 7), are **DENIED AS MOOT**.

4.    The Clerk is **DIRECTED** to enter a separate final judgment under Rule 58 and **CLOSE** this case.

**DONE** and **ORDERED** on January 9, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE